UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XAVIER THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br>FERRELLGAS PARTNERS L.P.,<br>CIRCLE K HOLDINGS, INC.,<br>MAC'S CONVENIENCE STORES, LLC, and<br>JOHN DOE DEFENDANTS 1-5,<br><br>    Defendants. | Case No. 25-cv-01925-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court after Defendant Harbor Freight Tools USA ("Harbor Freight") filed a Notice of Removal (Doc. 1). The Court has found two defects in the notice of removal that may require it to remand the case. First, the notice of removal does not adequately plead the citizenship of the parties. In light of the Seventh Circuit Court of Appeals admonitions, *see Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted that the notice of removal does not adequately plead the citizenship of the parties.

Two of the defendants in this action, Ferrellgas Partners and Mac's Convenience Stores,

are unincorporated associations. For the Court to determine if complete diversity exists, it must examine the citizenship of each member of the unincorporated associations. *Page*, 2 F.4th at 635; *see Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82, (2016); *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). Therefore, the relevant pleading must affirmatively allege the specific states of citizenship of each member of the unincorporated association and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *see White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Guar. Nat'l Title Co. v. J.E.G. Assocs.,* 101 F.3d 57 (7th Cir.1996) (essential to trace the citizenship of investors through all levels, if, say, one LP invests in another). For Ferrellgas Partners, which is a limited partnership, the pleading must allege the citizenship of every member of the partnership, whether general or limited members. For Mac's Convenience Stores, which is a limited liability company, the pleading must allege the citizenship of every member of the limited liability company. Harbor Freight's notice of removal does not satisfy this requirement. Since the notice of removal does not plead the citizenships of each member of Ferrellgas Partners and Mac's Convenience Stores, it does not adequately plead the citizenship of the parties.

      Second, the notice of removal does not indicate that the other defendants in the case have consented to the removal. The law is clear that when a case is removed from state court to federal court under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998), *overruled in part on other grounds*

by Kaiser v. Johnson & Johnson, 947 F.3d 996 (7th Cir. 2020). However, it is not enough for the removing defendants to say in their notice simply that all the other defendants do not object to removal. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *overruled in part on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). All defendants must join in the motion by supporting it *in writing*. *Id.* The failure of even one served defendant to timely consent to removal in writing renders a notice of removal defective and subject to remand unless the removing defendants explain the absence of the missing defendant. *N. Ill. Gas Co. v. Airco Indus. Gases, A Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982). The failure to explain the absence of a defendant's written consent to the notice of removal can be cured by amending a petition to provide a sufficient reason for that absence. *N. Ill. Gas*, 676 F.2d at 273 (amended notice explained that missing defendant was nominal party); *see* 28 U.S.C. § 1653. Based on the record in the St. Clair County Circuit Court, it appears that at least one other defendant, Mac's Convenience Stores, has been served. Mac's Convenience Stores has not joined in or consented to this removal, and Harbor Freight has failed to provide a reason for their absence. Therefore, the notice of removal does not comply with 28 U.S.C. § 1446(b)(2).

The Court ORDERS that Harbor Freight shall have up to and including November 24, 2025, to amend the faulty pleading to correct the jurisdictional defects and to provide a sufficient reason why Mac's Convenience Store, and any other properly joined and served defendants, have not consented to the removal. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading will satisfy this order. Defendant is directed to consult SDIL-LR 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED**:   **October 27, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
